# IN THE COURT OF APPEALS OF IOWA

No. 21-0365
Filed November 23, 2021

**TAMARA MACKAY,**
        Plaintiff-Appellant,

**vs.**

**JUDY RUSSELL,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Gary McMinimee,

Judge.

Tamara MacKay appeals from an adverse summary judgment ruling on her

slander claim. **AFFIRMED.**

Christopher Stewart of Gribble Boles Stewart & Witosky Law, Des Moines,

for appellant.

Mark W. Thomas of Grefe & Sidney, P.L.C., Des Moines, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Tamara MacKay appeals from an adverse summary judgment ruling on her slander claim.[1]  Because the district court did not err as a matter of law, we affirm.

The following facts are not in dispute.  From 1980 through 2006, the Mamie Doud Eisenhower Birthplace Foundation promoted and cared for the former home of Mamie Doud Eisenhower (the Birthplace) in Boone, Iowa, as a museum.

In 2006, the Foundation transferred ownership of the Birthplace to the Boone County Historical Society (the Society) for one dollar.

The Society is an Iowa non-profit with a board of directors elected by members.  The Society has four museum facilities, including the Birthplace; manages historic preservation resources for Boone County and city; and partners with other community agencies and organizations.

In 2016, MacKay was hired by the Society to be its executive director.  In 2017, the Birthplace had 750 visitors.  During MacKay's tenure as executive director, the Society experienced significant financial difficulties.  Proposals were considered to turn the Birthplace into a bed and breakfast, list it for sale, and to temporarily close it.  The proposed changes generated controversy, particularly among a group of supporters who wished to keep the Birthplace open as a museum; Judy Russell was among this group.

Russell, who volunteered as the financial coordinator of the Society, resigned on October 31, 2017.

---

[1] MacKay also asserted claims of libel concerning written statements the district court concluded were not capable of the meaning asserted by MacKay.  She does not challenge that ruling on appeal.

The City of Boone and Boone County did not provide funding to the Society in 2017-18. MacKay was terminated as executive director effective August 31, 2018. She continued as a volunteer at the Society through the end of 2018.

The State Auditor conducted an audit of the Society.[2] A report by the auditor dated June 24, 2020, determined:

> [The Society's] bank balances decreased from $350,019.12 at January 1, 2016, to $12,266.77 at September 30, 2018, as a result of insufficient budgeting, inadequate fiscal oversight provided by the Board and the cost of certain construction projects. . . .
> . . . [T]he investigation identified $3562.51 of improper disbursements, $43,680.32 of unsupported disbursements, and $17,486.40 of disbursements for which the benefit served was not clear or documented. The improper disbursements identified included reimbursements to the former executive director, health insurance premiums paid in excess of the amount specified in the former executive director's employment offer, and payment to various vendors.

On December 12, 2019, MacKay sued several members of the Boone community, asserting Russell and the other defendants "made statements alleging Ms. MacKay had embezzled monies and sold certain items belonging to the [Society] for personal gain," which were posted in writing "to various message boards and social medial websites for viewing by third parties" and "spoken and made to various third parties."[3]

Russell denied the allegations in the petition. Russell requested any and all documentation supporting MacKay's claim. In response, MacKay referred to her own deposition testimony:

> I can start by telling you that Dana Chivis [a reporter from NPR's "This American Life"] called me and asked me if I had removed the

---

[2] It is unclear if there were two separate audits; MacKay testified there was an audit conducted in 2018 and a newly-elected auditor conducted an audit in 2019.
[3] Only the claims of slander against Russell are before us.

dehumidifiers from the Mamie Doud Eisenhower Birthplace. And I said I had not removed them, and she told me Judy Russell had accused me of removing them and causing the mold to form at the Mamie Doud Eisenhower Birthplace.

Q. So Dana Chivis told you that Judy Russell said you removed some humidifiers from the Mamie; right? A. Correct.

. . . .

Q. Did you also have this conversation with Dana Chivis where she says did you take the humidifiers from the Mamie Eisenhower house? A. Yes.

Q. And she said Judy Russell had accused you of doing that? A. Yes.

Q. Did you take that to be defamatory? A. Yes.

Q. Did you take that to mean that you had stolen humidifiers? A. Well, it seemed like there could've been that inference.

Q. And that specific statement has cause[d] you damage, you believe? A. Yes. When your career is museums and you're accused of removing dehumidifiers in a museum, that's going to be a problem.

Q. Well, did the story [run] on This American Life? A. Actually it did not.

MacKay stated NPR would have the audio tapes of her conversation with Chivis.

Russell sought summary judgment, arguing no facts were in dispute and the statements made were not defamatory.

MacKay resisted summary judgment, arguing Russell committed slander per se by making the following statements:

[Russell] charged [MacKay] with taking Boone County Historical Society items from their Mamie Doud Eisenhower birthplace, alleging the taking of a dehumidifier and the causing of mold. [Russell] accused [MacKay] of these actions to members of the Boone community, as well as Dana Chivis who is a reporter for the public radio program *This American Life.*

The district court determined that regardless of whether Russell's statements are "capable of the above characterizations and, if so, defamatory," MacKay had not presented admissible evidence that would allow a jury to find the statements were made by Russell. MacKay appeals.

"We review the grant of summary judgment for correction of errors at law."

*Wermerskirchen v. Canadian Nat'l R.R.*, 955 N.W.2d 822, 827 (Iowa 2021).

> The burden is on the moving party to demonstrate the nonexistence of a material fact question. However, the nonmoving party may not rely on mere allegations in the pleadings but must set forth specific facts showing a genuine issue for trial. If the nonmoving party cannot generate a prima facie case in the summary judgment record, the moving party is entitled to judgment as a matter of law.

*Id.* (citation omitted).

"Defamation includes the twin torts of libel and slander. Libel involves written statements, while slander involves oral statements." *Bierman v. Weier*, 826 N.W.2d 436, 444 (Iowa 2013) (citation omitted). "To establish a prima facie case in any defamat[ion] action, a plaintiff must show the defendant (1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." *Id.* at 464 (alteration in original) (citation omitted).

MacKay urges "Russell accused [MacKay] of stealing the dehumidifiers from the Mamie Doud Eisenhower birthplace, and Russell also accused MacKay of causing mold to form at the Mamie Doud Eisenhower birthplace." Her brief acknowledges: "Unfortunately, no other individuals heard the statement by Russell to Chivis."

"Whether a statement is capable of a defamatory meaning is a question for the court." *Bauer v. Brinkman*, 958 N.W.2d 194, 198 (Iowa 2021). A statement may be considered defamatory if it tends to "injure a person's reputation and good name." *Lara v. Thomas*, 512 N.W.2d 777, 785 (Iowa 1994).

MacKay asserts Russell is not entitled to summary judgment, focusing on Chivis's statement alleging Russell claimed MacKay removed a dehumidifier from

the museum, which caused damage. For purposes of summary judgment we assume Russell made the statement and that it is possible to infer a slanderous meaning.[4] *See Rees v. O'Malley*, 461 N.W.2d 833, 835 (Iowa 1990) (providing a statement "charging a person with the commission of a crime is slanderous per se when the crime charged is indictable, and it must be a crime that involves moral turpitude or one which subjects the party charged to a sentence of incarceration"). MacKay argues Russell's statement to Chivis is admissible non-hearsay because it is a statement of an opposing party. Iowa R. Evid. 5.801(d)(2). This does not avoid summary judgment, however.

MacKay cannot clear the hurdle of another layer of hearsay. MacKay acknowledges *Chivis's* statement that Russell said MacKay took the dehumidifier is hearsay. She contends Chivis's statement avoids the hearsay bar of rule 5.802 because it qualifies as a "statement against interest" under Iowa Rule of Evidence 5.804(b)(3). This contention fails because the exception is not applicable unless the proponent shows the declarant is "unavailable as a witness." MacKay offers no evidence Chivis is unavailable to provide testimony. *See* Iowa R. Evid. 5.804(a).

In the alternative, MacKay contends Chivis's statement should be admissible under the residual exception of rule 5.807, which allows a court to admit a hearsay statement if:

> (1) The statement has equivalent circumstantial guarantees of trustworthiness [as the other exceptions in rule 5.803 or 5.804];
> (2) It is offered as evidence of a material fact;

---

[4] In her deposition, MacKay says Chivis reported Russell stated Mackay "removed" a dehumidifier, which might raise an inference that MacKay stole the dehumidifier.

(3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) Admitting it will best serve the purposes of these rules and the interests of justice.

The district court rejected this argument as well:

The testimony is also not admissible under the residual exception, if, for no other reason, [MacKay] has failed to establish that plaintiff's hearsay testimony is "more probative on the point for which it is offered than any other evidence that [plaintiff could] obtain through reasonable efforts." [MacKay] offered no explanation as to why either Chivis'[s] testimony or Chivis'[s] affidavit could not have been obtained. Accordingly, [MacKay's] testimony as to what Chivis told her is inadmissible hearsay and there is no other evidence in the record of defendant Russell making the statement to Chivis.

We discern no error in the district court's reasoning. Russell is entitled to judgment as a matter of law. We affirm.

**AFFIRMED.**